The Kansas State Mutual Hail Association v.
E. C. Prather.

No. 14,035.   (79 Pac. 1080.)

SYLLABUS BY THE COURT.

Mutual Hail Insurance—*By-law Limiting Liability Upheld.*
A corporation organized under article 5 of chapter 50, General Statutes of 1901 (sec. 3546 *et seq.*), for the insurance of
its members against injury to growing crops by hail, may
make a valid by-law limiting its liability on policies thereafter
written to losses occurring prior to noon of July 25, notwithstanding the provision of section 3560 that all policies issued
by such corporations shall expire on the succeeding 1st of
April.

Error from Gove district court; James H. Reeder,
judge.   Opinion filed March 11, 1905.   Reversed.

*John D. Milliken,* for plaintiff in error.

*John B. Ennis,* for defendant in error.

The opinion of the court was delivered by

Mason, J.:   The Kansas State Mutual Hail Association is a corporation organized under article 5 of
chapter 50, General Statutes of 1901, for the insurance of its members against loss through injury by
hail to growing crops.   A by-law of the association
adopted in 1903 provided that no loss would be paid
which occurred to wheat later than noon of July 25.
After the adoption of this by-law E. C. Prather became a member of the company and received a policy
of insurance covering a crop of wheat, the by-laws
being printed upon the policy and made a part of it
by reference.   This wheat was destroyed by hail July
31, 1903, and Prather sued upon his policy and recovered a judgment upon the pleadings, from which
the association prosecutes error.

The statute referred to contains this provision:

"All policies issued by companies organized under

the provisions of this act shall expire on the 1st day of April in the year following that in which they were written." (Gen. Stat. 1901, § 3560.)

The only question here presented is whether, in view of this, it was competent for the defendant company, by by-law or otherwise, to limit its liability on any policy issued by it to losses occurring prior to July 25. The decision of this question depends upon the interpretation to be given to the language quoted, the purpose and meaning of which can be arrived at only by a consideration of other features of the statute of which it is a part.

The associations provided for by this act are purely mutual. They have no capital stock. Losses are paid only from premiums. If the funds on hand be insufficient to pay all losses incurred in any year, a proportionate reduction is made in their payment. If the amount of premium paid in any year exceed the losses and expenses by more than a stated percentage, a part of the surplus is returned to those from whom it was received. Each person taking out a policy of insurance becomes thereby a member of the corporation. No provision is made for any other character of membership. An annual meeting of the members is held in January, at which one-third of the board of directors are chosen, for a term of three years. On the next day the directors select the officers for the ensuing year. Under this plan it is evident that the policy issued performs a double function: It is not merely a contract of indemnity between the corporation and the insured; it is also an agreement by which the insured becomes a member of the corporation. It is in the latter aspect that reasons are to be found for regulating its duration by statute. While it is in force its holder may participate in the annual meeting and have a voice in the selection of the managers of the association. When it expires he ceases to be a member. The purpose of the legislature in fixing a time for its

expiration seems to have been to provide a method for perpetuating the organization, by giving all policy-holders a standing as members until after the annual meeting for the election of directors, and perhaps also to prevent the writing of policies covering risks for more than one season.

These considerations sufficiently account for the provision in question and assign to it a reasonable operation. To give it the further effect of prohibiting any time limit upon the liability assumed by the corporation short of the 1st day of April would involve manifest difficulties. The statute only authorizes insurance upon growing crops, so that all responsibility for loss must necessarily end long before that date. Whenever an insured crop is harvested without having been injured by hail the policy has served its purpose as a contract of indemnity and ceased to exist as such. The part of the by-law of the defendant company which is here involved reads as follows:

"No loss will be paid which occurs to grain in class 'A' [which includes wheat] before it is insured, or after it is harvested, nor on grain not harvested in due season, nor after July 25 at noon."

It is argued that so much of the by-law as seeks to limit the liability of the company to losses occurring by July 25 is void because the statute extends such liability to April 1. If the argument be sound, then for the same reason the stipulation against paying for injuries to grain not harvested in due season should be held to be invalid. We do not think it is sound. Just as it was competent for the company and its members, notwithstanding the statutory provision that its policies should expire April 1, to agree that no risk should be assumed for grain left standing for an undue time, it was competent for them to determine in advance by express stipulation what should be considered an undue time for the purposes of their

business, and to agree that there should be no liability for grain left standing after July 25. We hold that the by-law was not in contravention of the statute.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views here expressed.

All the Justices concurring.