THE STATE OF KANSAS, *ex rel. C. C. Coleman, as At-torney-general,* v. THE WICHITA MUTUAL BURIAL ASSOCIATION *et al.*

No. 14,310.     (84 Pac. 757.)

SYLLABUS BY THE COURT.

MUTUAL BURIAL ASSOCIATIONS—*Must Comply with Insurance Laws—Injunction.* An association organized for the purpose of securing to each of its members a burial worth $100, in consideration of stipulated assessments to be paid by such members during their lives, is an insurance association within the provisions of section 3386 of the General Statutes of 1901.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 10, 1906. Reversed.

*C. C. Coleman,* attorney-general, *J. S. West,* assistant attorney-general, and *Otto G. Eckstein,* county attorney, for The State.

*Stanley, Vermilion & Evans,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was brought by the attorney-general and the county attorney of Sedgwick county, in the name of the state, to enjoin the defendants from carrying on the business being done in the name of the Wichita Mutual Burial Association, for the reason that such business as conducted is contrary to law. The district court of Sedgwick county refused the injunction, and the state comes here on proceedings in error.

It is claimed that this association does an insurance business without being incorporated and without complying with the statute relating to such organizations. The statute alleged to be violated is section 3386 of the General Statutes of 1901, which in part reads:

"It shall be unlawful for any company, corporation or association, whether organized in this state or elsewhere, either directly or indirectly to engage in the business of insurance, or to enter into any contracts substantially amounting to insurance, or in any manner to aid therein, in this state, without first having complied with all the provisions of this act."

It is contended by the defendants that the business carried on by the Wichita Mutual Burial Association is not insurance; that the contracts made by it do not substantially amount to insurance, or in any manner aid therein, and therefore the above statute does not apply thereto.

Whether such business is insurance within the purview of such statute is the sole question presented. The facts have been agreed to, and from them it appears, in substance, that I. W. Gill, an undertaker at Wichita, Kan., organized the defendant burial association upon a plan and scheme specially prepared and copyrighted. The association is not incorporated, and has not complied with the provisions of the statutes of the state relating to insurance. It has no lodge or other place provided for holding meetings or transacting its business. It has no ritual, and no meetings of any kind except upon call of the president, when by him deemed necessary, or when required by the written request of twelve members. It purports to have a president, vice-president, secretary, and treasurer, who constitute a board of control, but I. W. Gill is the secretary and treasurer, and manages and controls the entire business of the association. He collects, handles and disburses the funds, without giving security or being required to account therefor. He is the official undertaker, and has exclusive charge and management of all the burial services that the association furnishes. Officers are elected annually, if necessary. Any person in good health, between the ages of one and seventy years, can become a member. Membership continues while assessments are paid. When payments cease, all rights and what has been paid are forfeited. The right to receive burial benefits continues during the existence of the association.

An assessment of five cents upon members under ten years of age, and of ten cents upon those ten years of age or over, is made as often as necessary to defray the expenses of the association. The only expenses

are those included in the burial benefits. Members who pay assessments of ten cents are entitled to a funeral worth one hundred dollars, other members fifty dollars. Each member receives a certificate of membership, executed by the principal officers of the association, which states in substance that the holder is a member and entitled to all the benefits of the organization, as provided by its by-laws. Each member also receives a book in which all assessments are entered and receipted for when paid. The secretary and treasurer is required to keep a book showing a list of members, deaths, collections, disbursements and other business transactions, which is open to the inspection of members. I. W. Gill is the only person to whom members can apply for burial service, or upon whom they can rely to furnish future burial benefits in consideration of prior assessments paid. When this suit was commenced the membership of this association was about 8000, and the management had been in all respects satisfactory.

The association was organized November 1, 1900. No such organization had existed in the state prior to 1899. The funds collected are used exclusively for the payment of burial expenses of deceased members, and surviving relatives are not benefited thereby in any other manner. The object of the association, as stated in its plan of organization, is "to provide a plan for the payment, by assessment, of the funeral expenses of each member."

We conclude from the foregoing facts that the business designed to be transacted under the plan of the Wichita Mutual Burial Association is plain, ordinary insurance. Membership in this association insures to each member above ten years of age that which is equivalent to one hundred dollars cash, payable at the death of such member to whomsoever would otherwise defray the burial expenses of such decedent.

If the certificate of membership issued by this burial association be designated a "policy," the assessment a

"premium," and those who are relieved from paying the funeral expenses of the deceased member "beneficiaries," this association, both in general plan and phraseology, would be a substantial duplicate of the ordinary mutual-insurance company.

The fact that no beneficiary is specifically named deserves little consideration, since in reality one exists, and may be ascertained with as much certainty as if directly and specifically mentioned. Whoever would otherwise pay the burial expenses of the deceased member is, by being relieved of that burden, as directly benefited to the amount of such expenses as if the cash were paid immediately to such person. If the deceased member leave an estate, the whole thereof, undiminished by the burial expenses which would otherwise be paid therefrom, will be received by his heirs. If he leave no estate, then his immediate relatives and friends who would otherwise have to furnish the expenses of his burial will be benefited by being relieved of that burden.

This association does not belong in the category of benevolent and philanthropic societies which furnish relief to their unfortunate and distressed members out of funds contributed for that purpose. In such associations it is not contemplated that every member will be the recipient of the relief thus provided. Financial distress, sickness and misfortune visit many people, but they are usually of temporary duration, and, when relieved, the sufferer is in a condition to return in kind the generous assistance which has been extended to him. Societies of that kind are in a large measure benevolent and charitable. Contributing members anticipate the possibility of being at some time benefited from the fund contributed, but their anticipation is only a possibility, as comparatively few members receive relief therefrom.

The burial association, however, discloses no charitable or benevolent features. Membership in it does not involve fraternity, social intercourse, or even or-

dinary casual acquaintance. The contract with each member is based wholly upon business considerations. The assessments are paid for the purpose of securing thereby a burial worth one hundred dollars. The uncertainty as to when the funeral will take place gives each member good reason to suppose that it will probably be needed long before the assessments amount to the sum which it is expected to cost. We think this association is doing an insurance business, and should comply with the laws of the state.

The judgment is reversed, and the district court directed to grant a perpetual injunction, as prayed for in plaintiff's petition.

All the Justices concurring.