MASONIC BENEFIT ASSOCIATION OF STRINGER GRAND LODGE OF MISSISSIPPI. *v.* DOTSON.

[71 South. 266.]

INSURANCE. *Mutual benefit insurance. Status. Life insurance company.*

Under section 2598, Code 1906, defining life insurance companies, a fraternal benefit association is a "life insurance company" so that it may be sued in the county in which the beneficiary resides, under sections 687 and 709, Code 1906, so providing.

APPEAL from the·chancery court of Leflore county.

HON. M. E. DENTON, Chancellor.

Suit by the Masonic Benefit Association of Stringer Grand Lodge of the state of Mississippi against Eliza Dotson, for injunction to annul a former decree against

complainant on behalf of defendant. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Lomax & Tyson,* for appellant.

*S. R. Coleman* and *R. H. & J. H. Thompson,* for appellant.

Holden, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Leflore county. The appellee obtained a decree for six hundred and ninety-eight dollars and fifteen cents against the appellant upon a policy of insurance on the life of her husband, and this was a suit by injunction to annul this decree. The chancellor denied relief and dissolved the injunction; hence this appeal.

The chief complaint made here by appellant is that it was not an insurance company, and that it was not sued in the county of its domicile and residence, Bolivar county, but was sued in Leflore county, where the beneficiary in the life insurance policy resided. Legal summons was sent and served upon the appellant in Bolivar county, and upon this service the decree was rendered. Section 2598, Code of 1906, defines life insurance companies. Under this section we have no hesitation in saying that the appellant here is a life insurance company. Under section 709, Code of 1906:

"Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county to be served as directed by law."

Section 687, Code of 1906, provides that the above section shall apply to chancery courts as well as to circuit courts. Therefore we conclude, first, that the appellant here is a life insurance company; second, that it may be

sued in the chancery court of the county in which the beneficiary resides.

There are no other points in the case that deserve consideration.

*Affirmed.*