CHARLES P. SISSON, *Atty.-Gen., ex rel. vs.* THE PRATA UNDERTAKING CO.

MARCH 21, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This information in the nature of *quo warranto* alleges that the respondent is a corporation organized under the laws of the State of South Dakota; that its principal place of business is in the city of Providence in this State; that it is now and for some years past has been engaged in this State in writing insurance on the lives of inhabitants of this State without having complied with the provisions of Chapter 256, G. L. 1923, and prays that the respondent be excluded and ousted from further exercising said power of writing insurance.

By agreement of the parties a copy of respondent's charter and three of the burial contracts issued by it were introduced in evidence. Respondent's charter authorizes it to conduct a general undertaking business and to insure the burial of persons who enter into agreements with it for that purpose, and to issue contracts entitling such persons to burial, or whomsoever may be designated in such contracts. By its contracts respondent agrees to perform specified services and provide some of the furnishings and materials necessary for the funeral and burial of the person named in the contract subject to certain conditions. The contracts are in two forms but all are subject to the condition that the contract holder shall pay a certain sum, monthly or annually, in order to become entitled to the benefits under the contract, and in case default is made in such payments the contract becomes void and the holder loses all rights and benefits thereunder. One form of contract provides that a casket is to be furnished with some other necessaries for a funeral at the expense of the respondent. The other form of contract does not include a casket but states that the services and materials to be furnished for the funeral by the respondent are of the value of $70. This form of contract requires the annual payment of $1.00 by the contract holder 50 years old and $2.00 by the contract holder 65 years old. The annual payments are to be made until the amount of $50 has been paid. Each contract provides that in the event of the death of the holder before the payment of said amount the holder shall be entitled to the funeral without further payment by his heirs.

The respondent contends that the contracts issued by it are not contracts for insurance inhibited by said Chapter 256, G. L. 1923, entitled "Of Foreign Insurance Companies and of the Insurance Business Generally." We cannot agree with this contention. Section 1 of said chapter provides that no foreign insurance company shall contract for insurance with any resident in this State until such company shall have complied with the provisions of said chapter.

Section 2 provides, among other things, that the provisions of said chapter shall be applicable to all foreign corporations doing, in this State, any insurance business of any name, kind or description whatever.

The respondent is authorized by its charter to insure the burial of persons. Burial insurance is a contract based upon a legal consideration whereby the obligor undertakes to furnish the obligee, or one of the latter's near relatives, at death, a burial reasonably worth a fixed sum. 1 Joyce on Ins. 7 c. The contracts issued by respondent come within this definition and constitute insurance. A contract, somewhat similar to the ones issued by respondent, was considered in the case of *State of Washington* v. *Globe Casket & Undertaking Co.*, 82 Wash. 124 and held to be an insurance contract and subject to control under the insurance statutes. In *Renschler* v. *The State*, 90 Ohio State Rep. 363, it was held that an undertaker was engaged in the insurance business when he entered into a written contract whereby he agreed to provide the holder of the contract with a respectable burial and the holder promised to pay a small amount monthly during his life to the undertaker. A contract for the conditional sale of furniture called a "lease", with a provision that in case of the death of the lessee before the whole amount due under the lease is paid the lessor will cancel the balance due, was held to constitute insurance in violation of the statute relating to insurance. *Atty.-Gen.* v. *C. E. Osgood Co.*, 249 Mass. 473.

It is clear that respondent is doing an insurance business in this State without having complied with the provisions of said Chapter 256. Until it has done so it cannot contract for insurance of any "name, kind or description" whatsoever with any party within this State.

The prayer of the petitioner is granted and an order may be entered ousting the respondent from the exercise of the power of making contracts for insurance within this State.

*Harlow & Boudreau*, for relator.

*Tillinghast & Lynch*, for respondent.