No. 31,609

A. E. HOSMER, *Appellee,* v. MUTUAL RESERVE INSURANCE COMPANY, *Appellant.*

(32 P. 2d 505.)

Opinion filed May 5, 1934.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan, Eldon R. Sloan,* all of Topeka, and *Albert M. Cole,* of Holton, for the appellant.

*Edward Rooney,* of Topeka, *M. A. Bender* and *Minnie M. Banks,* both of Holton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for money advanced to a mutual fire insurance company to enable it to pay promptly a fire loss. The only question presented on this appeal is whether the judgment should have been restricted to be paid out of its surplus only. The trial court found the facts as follows:

"That the defendant is a mutual insurance company incorporated and existing under and by virtue of article 12 of the insurance code of the state of Kansas; that from March, 1930, to April, 1931, the plaintiff, A. E. Hosmer, was qualified and acting president of said insurance company; that on the 13th day of September, 1930, said company sustained a loss in favor of one of its policyholders, a Mr. Hawk; that at the time there was not sufficient money in the treasury of the company to pay said loss, and that said A. E. Hosmer advanced to said company the sum of $1,250, for the purpose of its business, and said sum was used by the defendant company in the payment of the amount due on the Hawk insurance policy theretofore issued by said company."

Defendant then requested the court to render judgment that the sum due plaintiff should be a liability against the surplus only of

the defendant company, in accordance with R. S. 1933 Supp. 40-1209. This motion was denied, and a general judgment rendered for plaintiff against the company. Defendant appealed.

The statute in question reads:

"Any director, officer or member of any such company, or any other person, may advance to such company any sum or sums of money necessary for the purposes of its business or to enable it to comply with any of the requirements of the laws of this state, and such moneys and such interest thereon as may have been agreed upon, not exceeding eight per centum per annum, shall be payable only out of the surplus remaining after providing for all reserves and other liabilities, and shall not otherwise be a liability or claim against the company or any of its assets. No commission or promotion expenses shall be paid in connection with the advance of any such money to the company, and the amount of such advance shall be reported in each annual statement." (R. S. 1933 Supp. 40-1209.)

This originally was section 12 of chapter 202 of the Laws of 1921, a comprehensive measure which provided for the organization and regulation of mutual insurance companies, other than life, and was later embodied, with some amendments, not here important, as article 12 of our insurance code (Laws 1927, ch. 231, now R. S. 1933 Supp. 40-1401 *et seq.*). Since the business of insurance is impressed with the public interest (*German Alliance Ins. Co. v. Kansas*, 233 U. S. 389) it is well settled that the legislature may enact statutes for the organization, management and supervision of the various classes of companies engaged in that business, especially with a view of providing for their solvency and their ability to meet their policy obligations. (*State, ex rel., v. Ins. Co.*, 30 Kan. 585, 2 Pac. 840; *Endowment & Benevolent Association v. The State*, 35 Kan. 253, 10 Pac. 872; *State v. Burial Association*, 73 Kan. 179, 84 Pac. 757; *Olson v. Automobile Insurance Co.*, 115 Kan. 227, 222 Pac. 104; *Intermountain Lloyds v. Diefendorf*, 51 Ida. 304, 5 P. 2d 730.)

In mutual companies the policyholder occupies a somewhat dual relation of insurer and insured. (*Hall Association v. Prather*, 71 Kan. 179, 180, 79 Pac. 1080; *Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768, 275 Pac. 214.) He is bound by all of the provisions of the statute relating to his liabilities or benefits which may accrue to him, and is entitled to their protection. The company is required to keep certain reserves. (R. S. 1933 Supp. 40-1208.) The policies of such companies shall provide for a premium, or premium deposit, payable in cash, and for a contingent premium at least equal to the premium or premium deposit. If at any time the admitted assets

are less than the reserve and other liabilities the company shall collect upon policies with contingent premiums a sufficient portion or part thereof to restore such assets. (R. S. 1933 Supp. 40-1207.) The holder of the policy who sustained the loss in this case was bound to know the method provided by statute for the company to get the money to pay his loss, and was bound to know that if it did not have sufficient assets on hand for that purpose that it was the duty of the company to collect on contingent premiums sufficient for that purpose. The plaintiff in this case was the president of the company and was bound to the same knowledge. He also was bound to know that if he advanced to the company any sum necessary for the purposes of its business it could be paid only out of surplus. (R. S. 1933 Supp. 40-1209.) Since the statute applies to "any other person" as well as to any director, officer, or member of the company, perhaps the fact that he was such president has no bearing further than to point out that he cannot plead ignorance of the provisions of the statute.

Appellee seeks to avoid the force of the statute by contending that it applies only to money advanced for the preliminary organization of the company. A reading of the statute does not leave it open to that contention. It applies to advances for two general purposes: (a) "money necessary for the purposes of its business," or (b) "to enable it to comply with any of the requirements of the laws of this state." Neither of these provisions is limited to initial organization expenses. Appellee argues that the last sentence of the section: "No commission or promotion expenses shall be paid in connection with the advance of any such money to the company, and the amount of such advance shall be reported in each annual statement," makes it clear that this applies only to promotion expenses. While the term "promotion expenses" is used, the term "commission" also is used, and is not limited to promotion expenses, and the amount of advances made at any time is required to be reported in each annual statement, which might be much later than organization. So the sentence is not used to limit the first part of the section to promotion costs, but to make it clear that items of commission on advances made at any .time, or items of promotion expenses, cannot be taken into account, and also to require that such advances be reported from time to time in annual statements.

The statute in question is not peculiar to our state, although it does not appear the specific question here involved has heretofore

arisen. In *Rummel v. Alwart*, 270 Ill. App. 497, which arose under a statute identical with our R. S. 1933 Supp. 40-1209, a party had executed a note for $18,000, secured by a real-estate mortgage, which he loaned to the company to enable it to have assets to engage in business at the time of its incorporation, and later sought to have the instruments withdrawn; but it was held that could not be done unless the surplus would permit it. In *Whitaker v. Empire Mut. Fire Insurance Co.*, 262 Mich. 681, 247 N. W. 781, construing a statute like our R. S. 1933 Supp. 40-1209, the assets of the company had become less than its reserve and the insurance commissioner called the attention of its officials to that fact. To restore these assets plaintiff deposited with the company a $3,000 note, secured by a mortgage. Later he sought to withdraw the note. Held, that could be done only if the surplus permitted it.

The judgment of the court below will be reversed with directions that it be modified so as to provide that the sum due plaintiff be paid by defendant from its surplus only.