No. 33,224

A. E. Hosmer, *Appellee*, v. Mutual Reserve Insurance Company, *Appellant*.

(65 P. 2d 295)

Opinion filed March 6, 1937.

*Ezra Branine, Alden E. Branine, Fred Ice*, all of Newton, and *Albert M. Cole*, of Holton, for the appellant.

*M. A. Bender*, of Holton, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The defendant insurance company appealed from the finding of the trial court that it had a surplus of more than $250 on April 10, 1936, the day of the trial, and also from the order of the trial court directing it to pay plaintiff $250 on his judgment.

The proceeding was in aid of execution brought against the insurance company, in which its officers were cited to make answers concerning the money and property of the company available for the payment of the judgment of plaintiff against the company, which by a modification made by this court (*Hosmer v. Mutual Reserve Ins. Co.*, 139 Kan. 472, 32 P. 2d 505) shall be paid only out of the surplus funds of the company. On the hearing of this matter in aid of execution, the plaintiff, who was formerly president of the company, and the secretary of the company were the only witnesses that testified.

The annual statement for the year ending December 31, 1935, was introduced and it showed a surplus at the close of that year of $4,191.07. The evidence further showed that between December 31, 1935, and April 10, 1936, the company had paid losses approximating $5,950 and a number of small items amounting to $478.39, making a total of $6,428,039, and there were $1,100 losses unpaid April 1, 1936, making a total of losses between December 31, 1935, and April 10, 1936, of $7,528.39; that the company was earning approximately $1,000 per month, and that during the year 1935 the interest and rents received by the company were $849.40 and income from other sources was $353.42.

Plaintiff and defendant differ widely as to the result of the amount of surplus as shown by these facts and figures, but the trial court found from them that there was a surplus on the day of trial of more than $250. We think there was sufficient evidence to support that finding, even when we take into consideration an apparent discrepancy in the testimony of $60 in one item of loss.

Appellant contends that the evidence did not, in compliance with G. S. 1935, 40-1209, show a "surplus remaining after providing for all reserves and other liabilities." We think it does unless there are other reserves or liabilities which were not brought to the attention of the trial court on the hearing.

Appellant urges that plaintiff is not a judgment creditor under G. S. 1935, 60-3485, and that a proceeding in aid of execution is not a proper remedy to subject the assets of the company. Of course this proceeding is only to ascertain and subject the surplus, not the general assets of the company. The surplus of an insurance company is the property of the company and subject to the claim of judgment creditors when execution is not otherwise satisfied. This action may only be to ascertain the amount of surplus and direct the judgment debtor to pay the creditor a certain amount out of such surplus.

The statute in aid of execution, above cited, provides:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, . . . any interest he may have in any money, contracts, claims or choses in action, due or to become due to him . . . shall be subject to the payment of such judgment by action or as hereinafter prescribed."

One of the subsequent sections which prescribes methods of subjecting debtor's property to such judgment is G. S. 1935, 60-3494, the first part of which is as follows:

"The judge may order any property of the judgment debtor not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt, in case of refusal or disobedience."

It is urged that the mutual obligation of a member of a mutual fire insurance company forbids the reward of a preference because of diligence. Other members of such company did have a mutual interest and an equal right, but when years intervene, as is shown by the record in this case (the former opinion of this court having been rendered May 5, 1934, 139 Kan. 472, 32 P. 2d 505), diligence justifies a preference, as has often been said, unless there is some provision or direction to the contrary, as there is concerning bank deposits, and we have not been cited to any such provision applicable to members of mutual fire insurance companies.

We find no error in the rulings of the trial court.

The judgment is affirmed.