PETERSON *et al. v.* SMITH.

(Division A.   June 3, 1940.)

[196 So. 505.   No. 34190.]

Eugene Thompson, of Marks, for appellants.

**J. C. Feduccia**, of Cleveland, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellants are, each and all, residents of Quitman County, and they conduct as partners at Marks, in that county, a business called Marks Burial Association. On June 15, 1938, the Association issued to V. T. Smith a funeral benefit contract by which, in consideration of a registration fee of $1 and a small monthly premium to be paid thereafter until death, the Association agreed "to furnish a Complete Funeral, consisting of Casket, Robe and Hearse valued as follows:

"For members 1 week to 5 years inclusive...$ 35.00
"For members 6 years to 15 years inclusive..$ 75.00
"For members 16 years and above.........$125.00"
On the death of V. T. Smith, his wife, and sole heir at

law, paid all the expenses of his burial, as we must assume from the condition of the present record, and sued the association therefor in the sum of $125. The action was brought in Bolivar County, where the wife resides. The association partners appeared and filed a written motion demanding that the proceedings be dismissed or else transferred to Quitman County, where all the partners have their residence, appellants relying upon the concluding sentence of Section 495, Code 1930—the general statute dealing with the venue in actions at law. Appellee replied that the venue was to be laid under Section 497, Code 1930, which deals with actions against insurance companies, and in reply to that contention appellants submitted that the burial association business about which the action arose is not insurance; and this is the principal question presented.

In 1 Joyce on Insurance (2 Ed.), p. 87, it is said: "Burial insurance is a contract based upon a legal consideration, whereby the obligor undertakes to furnish the obligee, or one of the latter's near relatives, at death, a burial reasonably worth a fixed sum. It is a valid contract, and constitutes life insurance." In support of the text the author cites State v. Willett, 171 Ind. 296, 86 N. E. 68, 23 L. R. A. (N. S.) 197, and State v. Wichita Mutual Burial Ass'n, 73 Kan. 179, 84 P. 757. Some additional cases to the same effect are: Renschler v. State, 90 Ohio St. 363, 107 N. E. 758, L. R. A. 1915D, 501, Ann. Cas. 1916C, 1014; Sisson v. Prata Undertaking Co., 49 R. I. 132, 141 A. 76; State v. Globe Casket, etc., Co., 82 Wash. 124, 143 P. 878, L. R. A. 1915B, 976; and 1 Couch Cycl. Ins. Law, Sec. 32, in sustaining the stated rule, considers that our case, Fikes v. State, 87 Miss. 251, 39 So. 783, may be included, but there is an obscurity in the facts as reported in that case.

We hold, therefore, in accord with the authorities, that the contract here before us is an insurance contract, and that the insurers may be sued in respect to their policy obligations as insurance companies may be sued, and

this includes the insurance venue statute found in Section 497, Code 1930. It is true that the cited section speaks of "actions against insurance companies," but these words are to be construed in accord with the purpose and intent of the section rather than to stick in the bark of the mere letter. Masonic Benefit Ass'n v. Dotson, 111 Miss. 60, 71 So. 266.

The two questions above mentioned are the only ones directly raised by the parties and which are within their reach under this particular record, and the foregoing opinion must be construed as confined strictly to the two questions dealt with.

Affirmed.