This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 29,035**

**JAMES HENRY ICKSTADT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for aggravated driving while under the

influence and careless driving after a jury trial arguing that he received ineffective assistance of counsel. [DS 2-3] Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [Id. 4] We issued a calendar notice proposing to summarily affirm Defendant's conviction. Defendant filed a timely memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion to amend and affirm.

**DISCUSSION**

**Untimely Notice of Appeal**

The docketing statement raised one issue, that Defendant received ineffective assistance of counsel because trial counsel failed to file a timely notice of appeal. [DS 3] As noted in our calendar notice, a late notice of appeal would not prevent this Court from reaching the merits of Defendant's appeal. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986) (holding that there is a conclusive presumption of ineffective assistance of counsel when the notice of appeal is not filed within the time limit required). We remain persuaded that summary affirmance is appropriate on this issue.

**Motion to Amend**

Defendant seeks to raise additional issues, also pursuant to *Franklin* and *Boyer*,

concerning his claim that he received ineffective assistance of counsel. [MIO 1-2] A motion to amend the docketing statement may only be granted if it is timely and if the issues are viable. *See State v. Moore*, 109 N.M. 119, 128-30, 782 P.2d 91, 100-102 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant claims that he received ineffective assistance of counsel because he was incompetent to stand trial and trial counsel failed to raise the issue of his competency. [MIO 4-9] Based on the record before us, Defendant has not made a prima facie case for ineffective assistance of counsel. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (stating that to establish a prima facie case of ineffective assistance of counsel, a defendant must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice). Defendant's assertion that he was incompetent at the time of the trial because he was on prescription painkillers is not a matter of record. Although Defendant claims that evidence existed to raise reasonable doubt about his competency to stand trial, [MIO 9] we are not persuaded. The only incident mentioned in his response is that Defendant became agitated during jury deliberations and demanded his medication. [Id. 4] We are not persuaded that this incident, which in any event is not of record, was sufficient to raise reasonable doubt as to

Defendant's competency such that trial counsel's performance was deficient for failing to request a competency hearing. [MIO 4-7]

Because there is no indication in the record that trial counsel had reason to believe that Defendant was incompetent, we also are not persuaded that trial counsel was ineffective because she did not question prospective jurors about their attitudes about narcotics or request jury instructions that addressed Defendant's use of narcotics. [MIO 7-9] Trial counsel is not ineffective for failing to make a motion that is not supported by the record. *State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995). Thus, we conclude that the ineffective assistance of counsel claim is not viable. Accordingly, we deny Defendant's motion to amend the docketing statement. Defendant must pursue this issue, if at all, in a habeas corpus proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case").

**CONCLUSION**

For these reasons, we deny Defendant's motion to amend the docketing statement and affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**