MILLVILLE GAS LIGHT COMPANY v. FRANK B. SWEETEN ET AL.

Submitted March 23, 1907—Decided June 10, 1907.

On demurrer to a declaration for failure to properly aver the duty which the defendant was charged with having failed to perform— *Held*, that the allegation of duty in a declaration is immaterial, for, if the particular facts recited raise the duty, the allegation is unnecessary, and if they do not, it will be unavailing.

Demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff, *Gaskill & Gaskill.*

For the demurrant, *French & Richards.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The declaration avers that the plaintiff has a system of pipes located in the streets of the city of Millville for the purpose of supplying gas to its inhabitants; that said pipes were laid under authority conferred upon the plaintiff by an act of the legislature entitled "An act to incorporate the Millville Gas Light Company;" that the city of Millville made a contract with Sweeten for the purpose of constructing a sewerage system in the streets of Millville, in some of which streets the plaintiff's pipes had previously been laid; that the defendants dug up the streets and laid sewer pipes in the trenches so dug; that certain of

the trenches exposed, uncovered and undermined the gas pipes of the plaintiff and removed the support of earth and soil from under said pipes; that it was the duty of the defendants, during the construction of the sewerage system, to support, protect and render safe from injury the gas pipes of the plaintiff, and that when the sewer pipes were laid in the trenches it was the duty of the defendant to give and furnish proper support under the said gas pipes by tamping and otherwise rendering solid the loose earth and soil thrown in the trenches; that during the construction of the sewerage system the gas pipes were loosely, carelessly and improperly supported by temporary props and stays, so that the gas pipes became broken and severed from the street connections, &c.

To this declaration the defendants demur, and base their demurrer upon the ground that, on the facts averred in the declaration, they owed no duty to the plaintiff, except to use ordinary care not to injure its gas pipes while they were engaged in constructing the sewer system. Assuming this to be the measure of the defendants' duty, we think the facts stated fairly show a failure of performance. The exposure of the plaintiff's gas pipes, and the removal of the supporting earth and soil from under them, and the permitting them to remain without proper support, so that they became broken and disconnected, was a failure to use ordinary care not to injure the plaintiff's pipes.

The duty which is alleged in the declaration to have rested upon the defendants is not only much broader than that which the defendants admit in their specification of causes of demurrer, but is much broader than that which the law imposes upon the defendants, for it makes them insurers against injury to the plaintiff's gas pipes. But the allegation of a duty in a declaration may be treated as surplusage, for if the particular facts recited raise the duty the allegation is unnecessary, and if they do not it will be unavailing. *Breese* v. *Trenton Horse Railroad Co.,* 23 *Vroom* 250; 252; *Millville Gas Light Co.* v. *Sweeten,* 45 *Id.* 24.

The plaintiff is entitled to judgment on the demurrer.