### FLYNN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department.   June 28, 1911.)

INSURANCE (§ 140½,* New, vol. 12, Key No. Series)—LIFE INSURANCE—STATUTORY LIMITATION—EFFECT.

Insurance Law (Laws 1892, c. 690) § 55, providing that one liable for the support of an infant may take a renewable term policy thereon, not

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exceeding a fixed sum, limits the amount that may be covered by one policy, and does not prohibit issuance of two or more policies aggregating more than that amount.

Submitted Controversy under Code Civ. Proc. §§ 1279-1281, by Minnie Flynn against the Prudential Insurance Company of America. Judgment for plaintiff.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Alexander C. Eustace, for plaintiff.
Herendeen & Mandeville, for defendant.

BETTS, J.  The parties come into court upon an agreed statement of facts.  From such facts it appears that Helen M. Flynn was a daughter of the plaintiff and was born January 23, 1902, and died January 16, 1910; that upon the written application of the plaintiff the defendant executed a policy of insurance upon the life of said Helen M. Flynn on or about May 11, 1903, by which it agreed to pay to the executors, administrators, or assigns of said Helen M. Flynn or to any relative by blood or connection by marriage of said Helen M. Flynn whom said defendant might select or to any other person appearing to said defendant to be equitably entitled to the proceeds of said policy by reason of having incurred expense in any way on behalf of said Helen M. Flynn for her burial or for any other purpose the sum of $81.20; that being the amount to be paid if such death occurred at the time it did occur.  Later, and on December 14, 1903, upon a similar application, a similar policy was issued by defendant upon the same life.  The premiums required to be paid by each of said policies were five cents weekly and were paid.  Directly after the death of the said Helen M. Flynn, notice was given by plaintiff to defendant of such death, and due proofs of the death, satisfactory to defendant were served, accepted and retained by said defendant, the payment of $162.40 being the amounts agreed to be paid by the said two policies were demanded and defendant refused to pay the same except the sum of $39.72, being $4 upon each of the said two policies, and the amount of the premiums paid by the said plaintiff on the said policies.

It appears by the facts submitted that prior to the taking out of these two policies with defendant two policies had been taken out upon the life of the said Helen M. Flynn upon the application of the plaintiff with the Metropolitan Life Insurance Company, one dated March 2, 1903, and the other dated May 9, 1903, both being in effect at the time the policies in suit were obtained, and the Metropolitan Life Insurance Company paid plaintiff $168 in payment of the said two policies.  No defense is interposed here except that the life of the said Helen M. Flynn was by said policies insured beyond the limit allowed by law according to the table of limitations under section 55 of chapter 690 (Laws of 1892) of the insurance laws of the state of New York.

Section 55, so far as is material for this case and as it stood at the time the insurance policies in question were issued, was as follows:

Sec. 55. Insurance without the Consent of the Insured Prohibited.—No policy of insurance shall be issued upon any property except upon the application and in the name of some person having an interest in the property. No policy or agreement for insurance shall be issued upon the life * * * of another ∙ * * * except upon the application of the person insured. * * * But * * * a person liable for the support of a child of the age of one year and upward may take a yearly renewable term policy of insurance thereon, the amount payable under which may be made to increase with advancing age and which shall not exceed the sum specified in the following table, the ages therein specified being the age at time of death: ∗ ∗ ∗ Between the ages of seven and eight years, one hundred and sixty eight dollars."

Under this section it is claimed by the defendant that the aggregate of policies that may be issued upon the life of a child of the age of this one at the time of her death cannot exceed $168, and that no liability attaches to the company for any amount insured greater than that, and that a policy or policies for a greater amount is void in its inception.

Since the full amount allowed by this statute as claimed by the defendant was paid the plaintiff by the Metropolitan Life Insurance Company on policies issued prior to these policies issued by the defendant, the defendant claims all in any event that it is liable for is $39.72, which is $4 upon each of the said policies and the amount of the premiums paid by the plaintiff upon each of said policies, while the plaintiff claims that she should recover °the sum of $162.40. Shortly after its passage and in 1894, the provision of this section came before the courts for adjudication in the case of Margaret O'Rourke against the John Hancock Mutual Life Insurance Company in the Fifth District Court of New York City, reported 30 N. Y. Supp. 215, and the court held that the statute did not prohibit the issuing of several policies each for the amount limited in the statute, but that it did mean that one policy exceeding the amount limited could not be issued upon the life of any child. The court followed the literal reading of the statute, and held that, if the Legislature had some other intent, it did not express it. An appeal from the District Court to the Common Pleas of New York General Term is reported in 10 Misc. Rep. 405, 31 N. Y. Supp. 130, and in this case Justice Bischoff writing, Justice Giegerich concurring, the court in a very well-considered opinion affirms the judgment of the lower court. The court held "that by the common law the parent had the right to insure the child's life is not open to question as a general proposition" —citing Grattan v. Insurance Co., 15 Hun, 74; that this section 55, being in derogation of the common law, should be construed strictly, and that a strict construction precludes the giving of effect to a supposed intention of the Legislature when that intention is not actually expressed, and the court held:

"The effect of the statute, according to the necessary construction, is that a policy taken upon the life of a child by virtue of its provisions cannot exceed the sums specified in the schedule set forth, and so far only does the restriction extend."

It is strongly contended by the defendant, the Insurance Company, here that this statute was passed in order to prevent excessive in-

surance upon the life of children, and that it was the intention of the statute to absolutely prohibit any insurance in excess of the amounts following the several ages which in the case of this infant is $168. Justice Bischoff in O'Rourke v. John Hancock Mutual Life Insurance Company, supra, well says:

"There would seem to be little doubt that the statute was intended to be aimed against the obtaining of excessive general insurance by parents upon the lives of their children, and there is certainly much to be commended in the policy suggested, but the act cannot be given the force which would carry that policy into full effect without a disregard of the rules governing the courts in their construction of statutes."

If the Legislature had intended to limit the amount of valid insurance that could be so obtained a few apt words would have put the matter beyond question, and, if such a law is desirable, an application should be made to the Legislature rather than to the courts to effect it.

Some light may be thrown upon the view which the Legislature takes of this section of the statute from the fact that section 55 of the insurance law was before the Legislature for consideration and amendment in 1902, and was amended by an addition thereto by chapter 437 of the Laws of that year. The Legislature permitted that portion of the section under consideration to stand as originally passed with the construction which the courts had placed upon the statute. It then made no effort to change the phraseology of the section. This would indicate that without regarding what might have been the previous legislative intent that the last expression of the Legislature upon the subject did not intend to and did not change the phraseology of this statute. See, also, chapter 33 of the Laws of 1909, where the statutes were consolidated, and section 55 is printed as originally adopted by the Legislature in 1892, as amended in 1902 without change of phraseology.

I am constrained, therefore, to hold that the statute does not make the prohibition claimed by the defendant, and that a recovery should be had by the plaintiff herein of $162.40 with interest from January 17, 1910, with costs.