UNITED DINING CAR COMPANY, PROSECUTOR, v. CITY OF CAMDEN ET AL., DEFENDANTS.

Submitted January 28, 1927—Decided March 10, 1927.

1. A lunch wagon of the ordinary type, placed on a lot and affixed to the soil by sewer and water pipe connections, is a "building," within the intendment of the building code of the city of Camden.
2. The issue by the local board of health of sewer and plumbing permit for a lunch wagon, does not estop the building depart-

ment or the city from prosecution of the owner of said wagon for violation of the building code.

3. The complaint in this case properly charged the offense of erecting, moving, &c., the lunch wagon as of the date when sewer and water connections were made; the said wagon taking its status as a "building" as a result of, and at the time of, being affixed to the soil.

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Joseph H. Carr.*

For the defendants, *Howard L. Miller.*

The opinion of the court was delivered by

PARKER, J.   The prosecutor was convicted in the police court of Camden of two violations of the building code of that city, and the present writs are to review those convictions.

Section 7 of the code provides that "no  *  *  *  building or any part thereof shall be built or constructed, nor shall any building already erected be altered, raised, moved, re-built  *  *  *  except by permit  *  *  *."

The complaint based on this section was that prosecutor "did build and construct by placing on the ground at 2624 Federal street, Camden,  *  *  *  a certain lunch wagon, and connected the same with sewer, without first having obtained a permit," &c.

Section 8 provides that "before the erection  *  *  *  addition to  *  *  *  removal or alteration of any building  *  *  *  or of any part of same is begun, there shall be submitted to the building inspector an application on an appropriate blank containing a detailed statement of the specifications  *  *  *  of such proposed work," &c.; and the complaint based on this section was that prosecutor "did erect and construct a building by placing on the ground at 2624 Federal street, Camden,  *  *  *  a certain lunch wagon, and connected the same with sewer, without having submitted to the building inspector  *  *  *  an application on appropriate blank," &c.

There is no substantial dispute about the facts. Sometime in the early summer of 1926, the prosecutor, already having two lunch wagons installed and in operation in Camden, procured another, which was delivered by railroad. Of the familiar type, it was on wheels, and was towed through the streets to its resting place at 2624 Federal street. Application was made to the local authorities for a permit to authorize this transportation, and the reply was made that the weight of the wagon was not great enough to call for a permit, so the wagon reached its home without one.

The next step was an application to the board of health for a restaurant license, which was refused because the wagon had no sewer connection nor water supply. A plumbing and drainage permit issued from the appropriate bureau the following day (July 20th) and the prosecutor applied to the local water company for water service and was refused, apparently on the ground that the city officials objected to another lunch wagon. Prosecutor appealed to the utility board, and after hearing before that body, order was made on August 10th that the water company furnish the water, which was presumably done.

Such was the posture of affairs when the two complaints supporting the convictions under review were sworn to on August 26th. No summons issued thereon until September 28th; in the meantime a new application for a restaurant license had been made on September 4th, and passed by the health inspector, but rejected by the mayor, the ultimate authority, on advice from the city counsel under date of September 9th that some litigation was pending—doubtless, alluding to the two complaints of August 26th. The hearings came on, after adjournment, on October 26th, and judgments of conviction were rendered on that date.

The facts being thus stated, with some fullness, we approach the points of law argued. That such a contrivance as the lunch wagon involved in this case is a "building" within the intendment of the ordinance, is settled for present purposes by the decision of this court in *Montclair* v. *Amend*, 68 *Atl. Rep.* 1067; affirmed by the Court of Errors and Appeals on the opinion of Mr. Justice Minturn in this court

as to all points considered by him, 76 *N. J. L.* 625.   No effective attack on this is made in the brief.   The other points argued seem to be—(1) that by the issue of plumbing and sewer permits the city is estopped to prosecute for violation of the building code; (2) that the convictions are not sustained by the evidence, because they charge the placing of the wagon on the lot, and connecting the same with sewer, &c., on the same day, August 26th, when it plainly appears that the wagon was placed there a long time previously.

As to estoppel, we are clear that there was none.   The usual governmental scheme is to refer plumbing and sewer connections to one department, as the board of health, and the general building scheme to the building department. Neither, as a rule, is dependent on the other, nor should it be, as it would create endless confusion if one department, in exercising its functions, were to be bound by the acts of another within its own sphere.

Nor do we find any substance in the other point.   It is not unreasonable to say that a lunch wagon on wheels does not *become* a "building" until attached to the soil by water, gas and sewer pipes, or some of them; and this appears to have been the *ratio decidendi* in the Montclair case, *supra*. If so, the offense of moving the "building," or placing it, was not complete until such connection, and was rightly charged as of that time.

The conviction will be affirmed, with costs.