STATE ex rel. REECE, State Commissioner of Department of Insurance and Banking, v. STOUT.—65 S. W. (2d) 827.

SAME v. WILLIAMS.

SAME v. FREEMON et al.

Middle Section.   July 8, 1933.

Petition for Certiorari Denied by Supreme Court, December 15, 1933.

L. D. Smith, Attorney-General, W. H. Eagle, Assistant Attorney-General, and A. G. Ewing, of Nashville, for appellant, State of Tennessee.

H. D. Derrick and Jno. G. Crews, both of Lawrenceburg, for appellees, Stout et al.

CROWNOVER, J. These causes are independent, but were tried together in this court for convenience, as the same questions are involved.

The original bill in the first cause above mentioned was filed by the State, upon relation of J. I. Reece, Commissioner of the Department of Insurance, against T. A. Stout, doing business under the name of Burial & Monument Association, T. A. Stout, Secretary and Treasurer, of Five Points, Lawrence county, Tennessee, and conducting a burial society, to enjoin Stout from operating an insurance business without complying with the insurance statutes of the state. In the second cause above mentioned the bill was filed against Chas. L. Williams, doing business as the Lawrence County Burial Association; and in the third cause against C. O. Freemon, Sr., and C. O. Freemon, Jr., a partnership doing business under the firm name of Freemon & Company Burial Association.

The complainant contends that the defendants are each carrying on a life insurance business for premiums paid on assessments made at the death of each member, without a certificate authorizing each to carry on such business, as required by Code, section 6212.

Defendants insist that they come within the first clause of Code, section 6421; that they are domestic societies that limit their membership, etc.; therefore the statutes regulating insurance companies do not apply to them.

T. A. Stout, of Lawrence county, organized a voluntary association of members, known as the Burial & Monument Association, who entered into an agreement for the purpose of assuring burial service to members at death. The agreement provided that members over fifteen years of age should receive a $100 burial, including service and casket, also a $100 monument; members of the ages of five to fifteen years, a $60 burial, also a $60 monument; members under five years, a $40 burial, also a $40 monument. These benefits accrued from an assessment of twenty-five cents against each member over fifteen years of age; fifteen cents against each member between five and fifteen years of age; and ten cents against each member under five years of age. Under the by-laws, these payments were made upon notice to the members of the death of a member.

Charles L. Williams, of Lawrence county, organized the Lawrence County Burial Association, and C. O. Freemon, Sr., and C. O. Freemon, Jr., of the same county, organized the Freemon & Company Burial Association, both associations having the same purpose as the Burial & Monument Association, but the agreement provided, in each of these associations, that members over fifteen years of age should receive a $150 burial, and their assessment should be twenty-five cents each; members under fifteen years, a $75 burial, and their assessment twenty cents each.

It was stipulated that the causes should be tried as on depositions,

although the testimony was heard orally in the presence of the court, and that the depositions taken in the case of State of Tennessee ex rel. v. North Burial Association,[1] in so far as they applied, should apply to these causes.

Copies of the contract and by-laws of each association were made exhibits to the bill in each cause.

It appears that practically the only difference between the North Association and these associations is the amount of the death benefit, the North Association giving a $100 funeral while the Stout Association furnished a $100 funeral and a $100 monument and the Williams and Freemon Associations furnished a $150 funeral.

The chancellor held, in each cause, that such association "by the exception in the amendatory act of 1931, does not fall within the provisions of the insurance laws, as provided for in the Act of 1921," and he dismissed complainant's bill in each cause.

Motion for a new trial, in each cause, having been overruled, complainant filed a bill of exceptions and appealed to this court and has assigned five errors in each cause, all of which, taken together, raise the one question, Was the association operating an insurance business?

Chapter 32 of the Public Acts of 1931, governing such associations, is as follows:

"That nothing contained in this act shall be construed to affect or apply to grand or subordinate lodges of Masons, Odd Fellows, or Knights of Pythias (exclusive of the insurance department of the Supreme Lodge, Knights of Pythias) and the Junior Order of United American Mechanics (exclusive of the Beneficiary Degree or Insurance Branch of the National Council Junior Order United American Mechanics) or societies which admit to membership only persons engaged in one or more hazardous occupations, in the same or similar lines of business, nor to similar societies which do not issue insurance certificates, nor to an association of local lodges or a society now doing business in this State which provides death benefits not exceeding $500 to any one person, or disability benefits not exceeding $300 in any one year to any one person, or both, nor to any contracts of re-insurance business on such plan in this State, nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm, business, house or corporation, nor domestic lodges, orders or associations of a purely religious, charitable and beneficiary description, which do not provide for a death benefit of more than $100, or for disability benefits of more than $150 to any one person in any one year."

Burial or funeral benefit, being determinable upon the cessation of human life, and dependent upon that contingency, constitutes life insurance. Such a contract has, however, been held void

---

[1] Case dismissed. Not reported.

as against public policy and in restraint of trade, where, although the purpose of the association was to provide, at their death, a funeral and proper burial for the members, the association was organized on the mutual plan, the members contributing a stipulated sum weekly, and the funeral, certain funeral furnishings, and outfit were to be furnished, by and through a designated undertaker, or official undertaker. 1 Couch's Cyc. of Insurance Law, 47, sec. 32; State ex rel. Unity I. L. I. & S. Ben. Ass'n v. Michel, 121 La., 350, 46 So., 352; Flynn v. Prudential Ins. Co., 145 App. Div., 704, 130 N. Y. Supp., 546; State v. Willett, 171 Ind., 296, 86 N. E., 68, 23 L. R. A. (N. S.), 197; State ex rel. Fishback v. Globe C. & Undertaking Co., 82 Wash., 124, 143 Pac., 878, L. R. A., 1915B, 976; State ex rel. Coleman v. Wichita M. Burial Ass'n, 73 Kan., 179, 84 Pac., 757; Fikes v. State, 87 Miss., 251, 39 So. 783; Robbins v. Hennessey, 86 Ohio St., 181, 99 N. E., 319.

"Much controversy has arisen as to whether or not mutual companies and benefit societies constitute insurance companies. Broadly speaking, it may be said that when a company, society, or association, either voluntary or incorporated, and whether known as a relief, benevolent, or benefit society, or by some similar name, contracts for a consideration to pay a sum of money upon the happening of a certain contingency, and the prevalent purpose and nature of the organization is that of insurance, it will be regarded as an insurance company and its contracts as insurance contracts, and this without regard to the manner or mode of the payment of the consideration, or of the loss or benefit." 1 Couch's Cyc. of Insurance Law, 601, sec. 253; Farmer v. State, 69 Tex., 561, 7 S. W. 220; Filley v. Illinois L. Ins. Co., 93 Kan., 193, 144 Pac. 257, L. R. A., 1915D, 134.

It is also declared that the business which the society or company is actually carrying on, and not the mere form of the organization, is the test for determining whether an insurer is a benefit society or insurance company so as to be within a statute applying to insurance companies. Again, that the status of an association or society is fixed by the character of the business transacted and not by the mere formal workings of the organization. So it has been said that the rights of persons claiming under a contract must be fixed thereby without regard to the character of the society. And, if the prevalent purpose be that of insurance, the existence of benevolent or charitable features does not affect the legal status of an insurance company. 1 Couch's Cyc. of Insurance Law, 602, sec. 253; Marcus v. Heralds of Liberty, 241 Pa., 429, 88 Atl. 678; Jones v. Commonwealth Cas. Ins. Co., 255 Pa. 566, 100 Atl., 450; Modern Order of Praetorians v. Bloom, 69 Okla., 219, 171 Pac. 917; Block v. Valley M. Ins. Ass'n, 52 Ark. 201, 12 S. W., 477, 20 Am. St. Rep., 167; State ex rel. Beach v. Citizens' Ben. Ass'n, 6 Mo. App., 163.

In the case of State ex rel. v. Gooch, 165 Tenn., 97, 52 S. W. (2d),

143, the Supreme Court held that a voluntary association which provides through assessments against each member the sum of not more than $100 as a death benefit to each is not regulated by the statutes of Tennessee pertaining to the insurance business; that such an association is a benevolent society, and comes under the exception in Code, section 6421, as amended by the Public Acts of 1931, chapter 32. The court held that the object of the association, to relieve the public of a possible burial charge and relieve families in particular cases of the humiliation of seeing their kindred or neighbors classified and buried as paupers, brings this association clearly within the provisions of the Code (section 6421) excluding benevolent societies.

In the recent case of State ex rel. v. Mutual Mortuary Association, Inc., Madison Equity, 61 S. W. (2d), 664, decided June 17, 1933, the Supreme Court held that, where the death benefit exceeds $100, the association is engaged in carrying on an insurance business, and the insurance laws apply.

It is insisted that the Public Acts of 1931, chapter 32, changes the Code, section 6421, so as to exclude societies doing business in the State which provide death benefits not exceeding $500 to any one person or disabilities not exceeding $300. After reading the act and that section of the Code, we are of the opinion that the change made in the act does not affect that section of the Code. We think that said act intended to exclude, first, all lodges and associations with ritualistic forms of work, known as fraternal organizations, which provide death benefits not exceeding $500; second, domestic societies which limit their membership to the employees of a particular city or town, designated firm, or business, or corporation; and, third, domestic lodges, orders, or associations of a purely religious, charitable, or benevolent description, which do not provide for a death benefit of more than $100, or for a disability benefit of more than $150, to any one person in any one year.

The death benefit in these three cases being more than $100, these associations are not within the exception of said act; therefore they must comply with the statutes of the State regulating insurance companies.

These associations have no lodge system with ritualistic form of work and therefore do not fall within Code, section 6421, or the Public Acts of 1931, chapter 32, nor are they domestic societies which limit membership to the employees of a particular city or town, designated firm, business, or corporation. Hence the assignments of errors are sustained, and the decree of the chancellor in each case is reversed, and the defendants will be perpetually enjoined from soliciting and from receiving members into the associations, from issuing certificates of membership, collecting assessments, premiums, dues, or fees, or from doing other business of life or burial insurance without first complying with the statutes and laws pertaining thereto. The cost

of each cause, including the cost of the appeal, is adjudged against the respective defendants.

Faw, P. J., and De Witt, J., concur.