52 So.2d 751 (1951)
CITY OF NEW ORLEANS
v.
LOUVIERE.
No. 19626.
Court of Appeal of Louisiana, Orleans.
May 21, 1951.
James C. Gulotta, Metairie, for appellant.
Henry B. Curtis, City Atty. and Sidney C. Schoenberger, Asst. City Atty. New Orleans, for appellee.
REGAN, Judge.
Plaintiff, the City of New Orleans, through its Mayor and City Attorney, instituted this suit endeavoring to enjoin defendant, Charles Louviere, from using certain property, owned by him and located in an "A" residential section, for commercial purposes, in contravention of the provisions of Ordinance No. 11,302 C.C.S., as amended, which is otherwise designated for the purposes of brevity as the Comprehensive Zone Law.
Defendant filed an exception of "no cause or right of action", which was apparently overruled, and then answered denying that his property was being used for commercial purposes in violation of the aforementioned city ordinance.
From a judgment in favor of plaintiff, issuing a "preliminary writ of injunction", defendant prosecutes this appeal.
*752 The record reveals that the pertinent provisions of the Comprehensive Zone Law reads:
"Sec. 3. Use Regulations. `A' Residence District. Be It Further Ordained, etc., That in the `A' Residence District no building or premises shall be used and no building shall be hereafter erected or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses:
"1. One-Family Dwelling
"2. Two-Family Dwelling * * *."
Defendant is the owner of Lots 34, 35 and 36 in Square No. 321, bounded by Palmyra, South Olympia, Banks and South St. Patrick Streets, and he is renting part thereof for the parking and servicing of house trailers, six in number, together with at least six automobiles used to propel the trailers. He is compensated at the rate of $5.50 to $6 per week for each trailer. Each trailer is occupied by one family as living quarters. They contain facilities for cooking, eating, sleeping and in the rear of the area toilets and showers have been provided by the defendant. The trailers are detached from the automobiles and are then usually placed on blocks, thus raising the weight thereof from the wheels, although this is optional with the owners. Some of the trailers and the automobiles have been at this location for a period of six months.
Plaintiff contends that the defendant is using his property for commercial purposes, to-wit: the operation of a "trailer court, wherein space is rented for the parking and servicing of house trailers; generally, five or six in number", together with the automobiles used to draw them.
Defendant, in opposition thereto, maintains that the area is not being used for commercial purposes, but that, on the contrary, the area, composed of three lots, is being used by the occupants of six house trailers for residential purposes and, therefore, is not in contravention or violation of the Comprehensive Zone Law.
The only question posed for our consideration is whether defendant is using his property, which is located in an "A" residential district, for commercial purposes, in contravention of the Comprehensive Zone Law of the City of New Orleans.
A careful reading of the Comprehensive Zone Law convinces us that the operation of a "trailer court" is a commercial venture which was never contemplated nor permitted by virtue of the provisions therein contained relating to the designation of "A" residential districts.
A casual reflection upon the foregoing facts is convincing proof that trailers although containing living quarters and placed on "blocks" or temporary foundations, merely for balance and to preserve the pneumatic tires which they ordinarily rest upon, and which may again operate upon the highways at the caprice of the owners, are not one or two family dwellings as is permitted by virtue of the provisions of the Comprehensive Zone Law in "A" residential sections of the City of New Orleans.
This conclusion seems so obviously sound that we deem it unnecessary to discuss the several other reasons urged on behalf of plaintiff for holding that the defendant is using his property in contravention of the Comprehensive Zone Law.
We are, therefore, of the opinion that the judge, a quo, correctly granted the preliminary injunction.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.