TOWN OF MARBLEHEAD *vs.* ELLSWORTH H. GILBERT
& another.

Essex.    October 3, 1956. — November 2, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Zoning. Marblehead. Trailer. Equity Pleading and Practice*, Injunction, Suit for zoning enforcement. *Words*, "House," "Camp."

An elaborately equipped automobile trailer designed for year round residential use, which remained on wheels and was readily movable and had only temporary connections with water, electric and sanitary facilities on land of its owner in Marblehead on which it was placed, did not constitute a one-family detached house within the zoning by-law of Marblehead authorizing such houses in single residence districts. [604]

An injunction against maintenance on land in a town of an automobile trailer being used as a residence in violation of the town's zoning by-law should be modified to permit storage of the trailer for use as a vehicle on any land where such storage was legally permissible. [605]

BILL IN EQUITY, filed in the Superior Court on May 18, 1955.

The suit was heard by *Lurie*, J.

In this court the case was submitted on briefs.

*Earle H. Smith*, for the defendants.

*Daniel Santry*, Town Counsel, for the plaintiff

CUTTER, J.  This is a bill in equity by the town of Marblehead to require the removal of an automobile trailer, used for residence purposes by the defendants, from land of the defendants, on the ground that it was used in violation of the Marblehead zoning by-law.  After hearing, a decree was entered ordering the trailer removed and enjoining the defendants from moving the trailer to any other land in Marblehead, which, under the zoning by-law of that town, may not be used for accessory use as a camp, as that term is defined by the by-law.  The defendants appealed.

The evidence is not reported.  The following facts were found by the trial judge or otherwise appear from the record.

The defendants own five acres of land within a single residence district as defined in the zoning by-law.  On it stands one single family dwelling house.  Upon this land the defendants placed an elaborately equipped automobile trailer, designed for year round use.  At the time of the decree, the trailer was not affixed to the land, remained on wheels, and could be moved at any time.  It had no motive power of its own but was used in combination with a separate motor vehicle.

Water for domestic use is supplied to the trailer by a hose from the permanent house on the land, from which house, also, electricity is supplied by a wire.  The trailer has connection with a septic tank.  All these arrangements the judge found to be temporary, although the defendants asserted that they intend to make the trailer their permanent residence.

The trial judge ruled that the trailer was a portable house used for temporary camping purposes and that its presence in a single residence district was in violation of the Marblehead zoning by-law.  The relevant portions of the zoning by-law are set out in the margin.[1]

---

[1] "Sect. 2.  In this by-law the following terms shall have the meanings here assigned to them. . . .

(b) One-Family House — A detached dwelling designed for and occupied by a single family. . . .

(f)  Dwelling — Any building used in whole or in part for habitation. . . .

The defendants contend that the trailer is not a "camp," forbidden in a single residence district by § 4 of the zoning by-law, and argue that it is a one family detached house. These contentions cannot prevail in the light of the plain language of the zoning by-law.

Section 4 of the by-law, so far as here pertinent, authorizes in single residence districts use of land for "One-family detached houses." The section expressly forbids a "camp" as an accessory use.

Reading the by-law as a whole and the specific language of § 4, a temporary and movable trailer on wheels does not, in our opinion, constitute a one family house, as that term is used in the by-law. The by-law plainly refers to structures of the type ordinarily thought of as houses. See *Needham* v. *Winslow Nurseries, Inc.* 330 Mass. 95, 99. The general tenor of § 4 has reference to buildings of some permanence and solidity which would be appropriate in a normal single family residential district. A trailer on wheels, by its very nature, is not adapted for the type of permanent dwelling use very plainly contemplated by the by-law in using the term "One-family detached houses." Because readily movable and used in connection with a motor vehicle, it more naturally comes within the term "camp" which the by-law defines as a "portable or lightly constructed house or shelter used for tourist . . . automobile, other temporary camping purposes." This view is reinforced by the insubstantial character of the connection of the trailer with usual water and electric utilities.

This construction of the by-law is consistent with the provisions of the statute authorizing the adoption of the

---

(1) Camp — A portable or lightly constructed house or shelter used for tourist, over-night, automobile, other temporary camping purposes. . . ."
"Sect. 4. Single, Residence Districts:
In single residence districts, except as herein otherwise provided, no . . . land, building, structure, or part thereof shall be used, except for one or more of the following purposes:
1. One-Family detached houses. . . .
10. Such accessory purposes as are customary incident to the foregoing purposes, and are not injurious to a neighborhood as a place of residence, but such accessory purposes shall not include any business, industry, trade, camp, manufacturing or commercial purpose."

by-law.   G. L. c. 40, § 25, now found in G. L. (Ter. Ed.) c. 40A, §§ 2, 3, inserted by St. 1954, c. 368, § 2.   As it stood in 1928 when the by-law was adopted, § 25 (as amended by St. 1925, c. 116, § 1) required the provisions of the section to "be carried out in such manner as will best promote the . . . welfare of the inhabitants, . . . tend to improve and beautify the . . . town, . . . harmonize with its natural development."   In adopting the by-law, there plainly was no intention to include, within the class of dwellings permitted by § 4 in single residence districts, trailers and similar vehicles or structures, for they would be inconsistent with the sound and natural development of such a district. The terms used in § 4 of the by-law must be construed in a manner fairly to come within its spirit and intent.   See *Kenney* v. *Building Commissioner of Melrose,* 315 Mass. 291, 295.

Cases deciding that trailers, under certain circumstances, are dwellings or buildings, for other purposes than zoning and in other contexts, are distinguishable.   See *Aetna Life Ins. Co.* v. *Aird,* 108 Fed. (2d) 136 (C. C. A. 5, 1939); *Montclair* v. *Amend,* 68 Atl. 1067, affirmed 47 Vroom, 625; *United Dining Car Co.* v. *Camden,* 103 N. J. L. 232, *S. C.* sub nomine *United Dining Car Co.* v. *King,* 5 N. J. Misc. 361; *State* v. *Ebel,* 92 Mont. 413.

In one respect only, the decree appears to be too comprehensive in terms.   The defendants are enjoined from moving the trailer upon any land in Marblehead where the by-law forbids accessory use as a camp.   If a trailer or other motor vehicle is not in fact used as a residence, there would seem to be nothing in the zoning by-law to forbid keeping it, like the motor vehicle to which it is attached, for use as a vehicle by its owner lawfully occupying a house on premises upon which the vehicle is kept.   The terms of the injunction must be modified by adding at the end thereof the words "except that such trailer may be stored for use as a vehicle upon any premises where such storage is permitted under the zoning by-law and other applicable provisions of law or town by-laws."   As so modified, the decree is affirmed with costs of the appeal.

                                                      *So ordered.*