MUTUAL AID et al., Appellants,

*v.*

ALBERT WILLIAMS, Commissioner of Insurance and Banking et al., Appellees.

407 S.W. 2d 171.

(*Nashville,* December Term, 1965.)

Opinion filed October 7, 1966.

Douglas M. Fisher, Nashville, for appellants.

George F. McCanless, Attorney General and Thomas E. Fox, Assistant Attorney General, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Appellant, Mutual Aid, is a fraternal benefit society incorporated under the laws of this State in 1898, which charter was subsequently amended in 1901 and 1943. Under the charter it was clothed with the authority to issue fraternal benefit life insurance certificates.

After obtaining its charter, the society became an active fraternal lodge with many chapters and in addition to other fraternal activities, the society issued fraternal benefit life insurance certificates and managed the funds derived from the premiums charged.

On June 16, 1962, the grand chapter of the society at its regular biennial meeting adopted a resolution directing the executive board to take the necessary steps toward dissolution of the society by December 31, 1962.

In 1964, the society, with the approval of the Commissioner of Insurance and Banking, converted its investments into cash and paid all outstanding benefit certificates in full.

After this action was taken there was left a surplus of $18,000.00 to be distributed to the membership of the society.

At the direction of the executive board, Mr. Clarence L. Alford, the consulting actuary for Mutual Aid, worked

out an actuarial formula for the distribution of the surplus. This formula was submitted to the Commissioner of Insurance and Banking for approval.

The Commissioner consulted the Attorney General for the State and was advised that liquidation or dissolution proceedings would have to be instituted by the State through its Attorney General by virtue of T.C.A. Sections 56-2704 and 56-2705, which provide:

56-2704. "Whenever, after examination, the commissioner is satisfied that any domestic society has failed to comply with any provisions of chapters 24 through 28 of this title, or is exceeding its powers, or is not carrying out its contracts in good faith, or is transacting business fraudulently; or whenever any domestic society, after the existence of one (1) year or more, shall have a membership of less than four hundred (400) (or shall determine to discontinue business), the commissioner may present the facts relating thereto to the attorney-general, who shall, if he deem the circumstances warrant, commence an action in quo warranto in a court of competent jurisdiction. And such court shall thereupon notify the officers of such society of a hearing; and if it shall then appear that such society should be closed, said society shall be enjoined from carrying on any further business; and some person shall be appointed receiver of such society, and shall proceed at once to take possession of the books, papers, moneys, and other assets of the society, and shall forthwith, under the direction of the court, proceed to close the affairs of the society and to distribute its funds to those entitled thereto. No such proceedings shall be commenced by the attorney-general against any such society until after notice has

been duly served on the chief executive officers of the society and a reasonable opportunity given to it, on a date to be named in said notice, to show cause why such proceedings should not be commenced.''

56-2705. ''No application for injunction against or proceedings for the dissolution of, or the appointment of a receiver for, any such domestic society or branch thereof shall be entertained by any court in this state unless the same is made by the attorney-general.''

Thereafter, this suit was filed by Mutual Aid against the Commissioner of Insurance and Banking and the Attorney General of the State, by and through its president and its executive secretary, Arthur C. Tippens; Nina Ruth Lynch, its treasurer; and Mrs. J. H. Shumaker, a member of the executive board of the society.

The suit sought a declaration, ''that the complainants' plan of voluntary dissolution without court action or receivership is not in violation of law or public policy;'' and a decree authorizing complainants, ''to complete their voluntary dissolution in accordance with the plan set out, subject to filing of a final accounting with and audit by the defendant, Commissioner of Insurance and Banking.''

The Attorney General filed a demurrer to the bill on the ground the bill on its face shows that T.C.A. Sections 56-2704 and 56-2705, set forth in the bill, provide that courts of this State shall not entertain applications for dissolution or liquidation of fraternal benefit societies except when filed by the Attorney General of the State.

The Chancellor sustained the demurrer. Mutual Aid has appealed to this Court and assigned as error the following:

(1) The bill is not an application for a dissolution; (2) the statutes relied on by the Chancellor are not applicable; (3) the whole Act of which these statutes are a part is unconstitutional; (4) these statutes as applied result in the deprivation of the right of access to the courts under the Tennessee constitution; and (5) these statutes as applied result in a denial of due process under the Tennessee and United States constitutions.

■ We are of the opinion the Chancellor's decree sustaining the demurrer should be affirmed.

It is insisted by Mutual Aid the bill only sought a declaratory judgment as to the propriety of their plan for voluntary dissolution.

However, as pointed out hereinabove, the grand chapter of the society adopted a resolution directing the executive board to take the necessary steps to dissolve Mutual Aid.

The prayer of the bill is that Mutual Aid be authorized to complete its voluntary dissolution in accordance with its plan set out in the bill, "subject to filing of a final accounting with and audit by the defendant, Commissioner of Insurance and Banking."

Thus, Mutual Aid seeks a dissolution and distribution of the surplus subject only to the approval of the Commissioner of Insurance and Banking without the sanction or approval of a court of competent jurisdiction; whereas, the plan insisted upon by the Attorney General and approved by the Chancellor, Mutual Aid will be dissolved and the surplus distributed by a receiver appointed by the court subject to the approval of the court as provided by the statutes.

The statute provides that in the event a fraternal benefit society, "shall determine to discontinue business," is a ground for dissolution. The bill shows on its face Mutual Aid is determined to cease business.

Thus, we find no merit in the assignment and overrule it.

We think the insistence of Mutual Aid that Title 56, Chapters 24-28 of T.C.A., do not apply to it because it was chartered or incorporated prior to the enactment of these statutes is, likewise, without merit.

Mutual Aid cites and relies upon the case of *Crawford v. Northwestern Traveling Men's Association,* 226 Ill. 57, 80 N.E. 736, 10 L.R.A.,N.S., 264. The question in that case was whether a statute enacted after the execution of a contract between a mutual aid society and one of its policyholders could change the terms of the contract. The court properly held the statute could not impair the obligation of the contract.

■■ In the case at bar, we are dealing with a remedial or procedural matter. Mutual Aid has satisfied its contractual obligations to its policyholders. The only question remaining is the method or remedy by which the interest of each member of Mutual Aid in the surplus should be determined. The constitution does not forbid a change in a remedy which does not deprive one of a contractual right nor prevent the enforcement of the right. *Brandon v. Green,* 26 Tenn. 130 (1846); *Lunati v. Building and Loan Association,* 167 Tenn. 161, 67 S.W.2d 148 (1934).

Complainants further argue that the statutory language, "Any fraternal benefit society [heretofore] organized and incorporated and operating within the

definition set forth in T.C.A. Sections 56-2401–56-2403 * * * may be licensed under the provisions of this chapter * * *." T.C.A. Section 56-2431; and, "* * * no society already organized shall be required to reincorporate hereunder * * *." T.C.A. Section 56-2416; indicates societies incorporated prior to the passage of the Act are not covered by it.

 It is our opinion the first of these code sections is merely a licensing provision and not indicative of the coverage of the Act. The second provision states that reincorporation of an incorporated society is not required; that is, such incorporated societies shall exercise the rights, powers, and privileges conferred by the Act as well as those possessed prior to its enactment not inconsistent therewith, and be governed by the provisions of the Act.

We say this because of the language contained in T.C.A. Section 56-2428, as follows:

"Except as provided in Chapters 24 through 28 of this title, such societies shall be governed by Chapters 24 through 28 of this title and shall be exempt from all provisions of the insurance laws of this State. Not only in governmental relations with the State, but for every purpose, and no provision of this Code or any law hereafter enacted shall apply to them unless they are expressly designated therein."

With respect to the third assignment of error, Mutual Aid contends the Act, from which the statutes under consideration are codified, is unconstitutional because it violates Article 11, Section 8, of the constitution of this State, and the Fourteenth Amendment to the constitution of the United States.

Section 29 of Chapter 44 of the Public Acts of 1913, codified as T.C.A. Section 56-2429, exempts from its provisions certain lodges as follows:

"Nothing contained in chapters 24 through 28 of this title shall be construed to affect or apply to grand or subordinate lodges of Masons, Odd Fellows, or Knights of Pythias (exclusive of the insurance department of the Supreme Lodge, Knights of Pythias) and the Junior Order of United American Mechanics (exclusive of the beneficiary degree or insurance branch of the National Council Junior Order United American Mechanics) or societies which admit to membership only persons engaged in one (1) or more hazardous occupations, in the same or similar lines of business, nor to similar societies which do not issue insurance certificates, nor to an association of local lodges or a society now doing business in this state which provides death benefits not exceeding five hundred dollars ($500) to any one (1) person, or disability benefits not exceeding three hundred dollars ($300) in any one (1) year to any one (1) person, or both, nor to any contracts or reinsurance business on such plan in this state, nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm, business, house or corporation, nor domestic lodges, orders or associations of a purely religious, charitable and beneficiary description, which do not provide for a death benefit of more than one hundred dollars ($100). No such orders or associations of purely religious, charitable, fraternal, or beneficial description, as heretofore mentioned in this section, shall be exempt from the general statutes applicable to insurance companies when any such

organization gives or allows, or promises to give or allow, more than one dollar ($1.00) per capita as compensation for procuring new members."

The lodges excepted are those providing death benefits to members in an amount not in excess of $500.00. *State ex rel. Reece v. Stout,* 17 Tenn.App. 10, 65 S.W.2d 827 (1933).

Thus, the Act is not discriminatory as to Mutual Aid if the amount of the death benefit provided by the policies of Mutual Aid is in excess of $500.00, if there is a reasonable basis for the classification.

■ Exhibit D to the bill shows Mutual Aid issued certificates of insurance in excess of $500.00, ranging from $600.00 to $2,000.00 face value. Thus, the bill shows Mutual Aid issued certificates of insurance providing death benefits in excess of $500.00.

■ It is true, as insisted by Mutual Aid, that classification is permissible; but it must not be arbitrary and must be based upon a substantial distinction.

However, this Court, in the case of *Hamilton National Bank v. Sam Amster,* 134 Tenn. 537, 184 S.W. 5 (1915); in passing upon the constitutionality of a similar section of Chapter 480 of the Public Acts of 1905, held such section was not unconstitutional as arbitrary, unreasonable, or capricious; since, in view of the limited amount of business done by such association, "it was a proper exercise of the legislative power to classify so as to free such associations from the operations of the Act and the burden and expenses incidental thereto."

■ Moreover, the type of organization, the limitations on its membership, and the amount of money it provides

in benefits seemed to be reasonable and nondiscriminatory bases or classifications for purposes of meeting the test of arbitrariness and substantiality of distinction under the equal protection clause of the Fourteenth Amendment to the constitution of the United States. *Power Mfg. Company v. Saunders,* 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165 (1927).

In support of assignments four and five, Mutual Aid contends that since the Attorney General has a discretion whether to file a proceeding for dissolution under the Act deprives it of access to the courts and of its property without due process of law, because his discretion is unreviewable.

We disagree. The courts have jurisdiction to control the discretionary powers of boards and officers where they act in an arbitrary and oppressive manner, or act beyond their jurisdiction, or refuse to assume jurisdiction which the law devolves upon them. *State ex rel. Morris v. City of Nashville,* 207 Tenn. 672, 343 S.W. 2d 847 (1961).

The insurance business is one affected with a public interest. We think the Legislature of the State has the power to regulate or provide the method by which the affairs of a fraternal benefit society issuing life insurance policies or certificates may be carried on and by which it may be dissolved; and that it may designate a particular public officer to bring a proceeding for dissolution. Such legislation is not unfavorable to the interest of the members of the society. They are thereby protected from trivial suits designed to interfere with the society's business or to force its liquidation while solvent and pursuing its business in a proper manner.

*Cummings v. Supreme Council of Royal Arcanum,* 247 F. 992 (D.C. 1918); *Grand Lodge, A. O. U. W. v. Adair,* 182 Ark. 684, 32 S.W.2d 430 (1930); *Woodmen of the World v. McCue,* 88 Colo. 209, 294 P. 947 (1930); *Delaney v. Grand Lodge A. O. U. W. of Massachusetts,* 244 Mass. 556, 138 N.E. 918 (1923).

The legislative purpose served in the instant case is the protection of the certificate holders by insuring they receive the proper proportion of the surplus, as well as the protection of other members of the society who may have an interest, by giving a public official the control of the dissolution proceeding.

All assignments are overruled and the decree of the Chancellor is affirmed with costs.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.